

Matthew D. Forsgren
612-373-8399 *direct*
mforsgren@greeneespel.com

January 31, 2019

***VIA CM/ECF***

The Honorable Tony N. Leung
United States Court Magistrate Judge
342 Warren E. Burger Federal Courthouse
316 N. Robert Street
St. Paul, MN  55101

      Re:    *Ruszczyk v. Noor et al.*
               Court File No. 18-cv-2086 (PAM/TNL)

Dear Magistrate Judge Leung:

      We respectfully oppose Plaintiff's counsel's request for a Case Management Conference for the following reasons.

      First, our highest priority as counsel for Mr. Noor is to preserve the integrity of the criminal process. He deserves a fair criminal trial. We accordingly moved for a stay of this civil proceeding. Notably, the State of Minnesota expressed its support for a stay. The Court granted the motion.

      Second, Plaintiff's counsel seeks civil discovery before the completion of Mr. Noor's criminal case. Specifically, Plaintiff's counsel seeks discovery on the collateral issue of indemnification. The Court received briefing from the parties regarding discovery during the pendency of *State of Minnesota v. Mohamed Mohamed Noor*, Court File No. 27-CR-18-6859 ("State Criminal Proceeding"). The Court concluded that discovery would be inappropriate until completion of the State Criminal Proceedings.

      Third, if Plaintiff's counsel is insinuating that the Court should revisit its decision on staying this case because Mr. Noor testified in a proceeding (of any sort), the insinuation is unfounded. The insinuation also would be inaccurate. Mr. Noor has provided no testimony. He would invoke his Fifth Amendment privilege in any civil (or other) proceeding until the completion of the State Criminal Proceedings, as we have repeatedly emphasized.

      Fourth, to be clear, Mr. Noor is entitled to indemnification. But the issue of indemnification has no relevance to the Court's decision to stay.

      We understand that Plaintiff's counsel is restless regarding the issue of indemnification. I have explained to Plaintiff's counsel twice during a brief telephone conversation and then subsequently reiterated in an email that, if he has a question for a party about a position that the party has or has not taken, he should ask the party in question.

The Honorable Tony N. Leung
January 31, 2019
Page 2

      A Case Management Conference on these issues would be unnecessary and inconsistent with the Court's order staying this civil proceeding. There is also the risk of Plaintiff's counsel using a Case Management Conference as an opportunity to unfairly prejudice Mr. Noor's right to a fair criminal trial. We have attempted on several occasions to make these very points to Plaintiff's counsel. Plaintiff's counsel persists.

      Lastly, I do not know what Plaintiff's counsel means by a "hot potato." But I do know that I do not consider myself to be optimally positioned to explain and re-explain basic concepts of courtesy to Plaintiff's counsel while I am in my vehicle driving one of my children due to a school cancellation resulting from frigid air. Such was the case when I took Plaintiff's counsel's call. On these matters, and on future matters, it seems that email is and will be a better communication medium than Bluetooth.

      Very truly yours,

      Matthew D. Forsgren

MDF/cap

c:    All counsel of record (via email)